{¶ 15} I respectfully dissent. I agree with the trial court's assessment that the cognizable event occurred on the date of Appellant's scheduled consultation with the gastrointestinal specialist.
 {¶ 16} The record indicates that Appellant was previously diagnosed with cervical squamous cell carcinoma in 1996. Thus, irrespective of whether Appellant went to the scheduled consultation, the reasonable individual, under these particular circumstances, would have understood that she was being referred to such specialist in order to determine whether the cervical cancer had returned. Moreover, had Appellant exercised reasonable care and visited the specialist as prescribed by Appellee Milligan, it is most likely that the cancer would have been discovered at that time. See Allenius, 42 Ohio St.3d at 133-34
(stating that the extent of the injury need not be known in order for the cognizable event to occur). Consequently, as I believe that the cognizable event occurred on the date of Appellant's scheduled consultation with the gastrointestinal specialist, the one-year statute of limitations was triggered at that time. See R.C. 2305.113(A); Akers, 65 Ohio St.3d at 425. Appellant filed her complaint outside this one-year time limit. Therefore, I would hold that the trial court correctly granted Appellee's motion for summary judgment and dismissed the complaint.